# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LA RON MCKINLEY BEY,

    Plaintiff,

  v.                                    Case No. 16-CV-521

WILLIAM POLLARD, et al.,

    Defendants.

---

The *pro se* plaintiff, La Ron McKinley Bey, filed this lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional rights. The plaintiff alleges that he is mentally ill and that his four-plus year stay in segregation at the Waupun Correctional Institution (WCI) violates his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. His amended complaint includes a motion for a preliminary injunction. The motion is now fully briefed. For the reasons explained below, the court will deny the plaintiff's motion.

In his motion preliminary injunction, the plaintiff seeks an order: (1) prohibiting his confinement in prolonged solitary confinement because of his mental health needs; (2) establishing a new Restrictive Housing General Population Unit at WCI to house Administrative Confinement inmates; (3) prohibiting the manner in which WCI staff distribute food so that staff do not precede the food; (4) mandating that defendants establish a Brightline Rule Criterion for the plaintiff to follow for projected release from Administrative Confinement; (5) mandating that the defendants install cameras throughout the segregation unit at WCI, except in non-observation cells, shower cubicles, strip search cages, the HSU room, and visitor booth; and (6) mandating that staff entering

and exiting the Restrictive Housing Unit record their names, as well as the time and date, in a logbook.

## Facts[1]

The plaintiff arrived at WCI on July 11, 2012 from the Wisconsin Secure Program Facility, and was in Administrative Confinement status when he arrived. He has been in a restrictive housing status at all times while at WCI. (Foster Decl., ¶ 5.)

The plaintiff has an extensive history of assaultive behavior. (*Id.* ¶ 16.) He has received seventeen conduct reports for battery/assault. (*Id.*) He has attacked both staff and inmates with weapons during his incarceration. (*Id.*) In addition, the plaintiff has received seven conduct reports for threatening staff. (*Id.* ¶ 17.) The plaintiff's most recent assault took place in 2013, when he threw feces in the face of a security staff member. (*Id.* ¶ 18.) He went to disciplinary separation following the assault and remained in that status from April 11, 2013, until he returned to Administrative Confinement status on March 28, 2014. (*Id.*) The plaintiff has been reviewed every six months at his Administrative Confinement Review Hearings and has not been recommended for release due to his significant assaultive history and refusal to participate in treatment or evaluations by Psychological Services Unit staff. (*Id.* ¶ 19.)

Beginning in June 2016, the plaintiff started a hunger strike to protest long-term Administrative Confinement. (*Id.* ¶ 20.) WCI Warden Brian Foster had a discussion with the plaintiff regarding his Administrative Confinement and hunger strike. (*Id.* ¶ 21.) The plaintiff expressed a willingness to start eating and receive psychological treatment if he were moved to a

---

[1] This section is taken from the defendants' response to the plaintiff's motion for preliminary injunction. (Docket 34 at 4-5.)

different institution. (*Id.*) Based on this conversation with the plaintiff, Warden Foster spoke with the Division of Adult Institutions Administrator and it was determined that Warden Foster would recommend the plaintiff for transfer to the Wisconsin Resource Center. (*Id.* ¶ 22.)

Warden Foster met with staff at the Wisconsin Resource Center on August 25, 2016, and they agreed to take the plaintiff to work on programming with the goal of transitioning him to a general population setting. (*Id.* ¶ 23.) The plaintiff will start out on a higher management unit upon intake at the Wisconsin Resource Center, but will gradually be transitioned to less restrictive housing units as he works through programming, with the ultimate goal of moving him to another institution in a general population unit upon successful completion of programming at Wisconsin Resource Center. (*Id.*)

After Warden Foster's meeting with Wisconsin Resource Center staff, he informed the plaintiff that Wisconsin Resource Center had accepted him and he immediately began eating again. (*Id.* ¶ 24.) Once the plaintiff is medically cleared to be moved, Warden Foster expects him to be moved to the Wisconsin Resource Center.[2] (*Id.*)

## Discussion

To obtain preliminary injunctive relief, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir.

---

[2] The plaintiff transferred to the Wisconsin Resource Center on October 13, 2016. (Docket 41 ¶ 2.)

2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The plaintiff's motion for preliminary injunction relates to alleged conditions at WCI. As noted above, the plaintiff transferred to the Wisconsin Resource Center on October 13, 2016. Because the plaintiff has been transferred to the Wisconsin Resource Center, his motion is moot. *See Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988); *Morris v. Kingston*, 368 Fed. Appx. 686, 689 (7th Cir. 2010). The plaintiff's reply brief seems to acknowledge this. For example, while the plaintiff states that at the Wisconsin Resource Center, he is still confined in his cell twenty-two and a half hours per day, he also states that he has been placed in programming whereby he can work himself over time to a "general-population like setting." (Docket 38 at 2.)

The plaintiff is now at a facility where he may receive treatment for his issues and, as he acknowledges, he may work himself up to a general population setting. His request for preliminary injunctive relief is therefore moot and the court will deny his motion on that basis. The plaintiff may renew his motion by filing a new motion if his circumstances change in the future. *See Moore*, 861 F.2d at 150.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for preliminary injunction (Docket No. 19) is **DENIED**.

Dated at Green Bay, Wisconsin this 29th day of November, 2016.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

- 4 -