UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LA RON MCKINLEY BEY,

    Plaintiff,

Case No. 16-CV-521

WILLIAM POLLARD, BRIAN FOSTER,
TONY MELI, JON E. LITSCHER,
CATHY JESS, DR. SCHMIDT,
BRIAN GREFF, PAUL LUDVIGSON,
CAPTAIN JOHN O'DONOVAN, CAPTAIN WESTRA,
JESSIE J. SCHNEIDER, SHANE M. WALLER,
JEREMY L. STANIEC, JOSEPH BEAHM,
and JOHN AND JANE DOES 1-15,

    Defendants.

**ORDER**

    The plaintiff has a motion for a court order to pay the balance of the filing fees due on two cases in this district from his release account. One of the cases, 13-cv-952, was assigned to Judge Stadtmueller, and so is not properly before me. The above captioned case is assigned to me, however, and so I will address Plaintiff's motion as it applies to that case.

    While it is true that this court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee, *see, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002), it is less clear that the court can authorize a prisoner to tap into his release account to pay current (or future) litigation costs. "Nothing in the [PLRA] can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts." *Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis.

July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so) (citations omitted).

Notwithstanding the foregoing, however, I conclude that under the circumstances of this case, such authorization should be given. Plaintiff notes he is 61 years old and has a parole eligibility date beyond his life expectancy. He has been in solitary confinement and without a job for many of the past several years. Plaintiff also states that since he has been transferred to a different facility without e-filing available, the cost of his pending litigation will increase. It thus appears that denying Plaintiff's request would not serve the purpose for which release accounts are maintained, and it would only complicate Plaintiff's effort to litigate his pending case. Instead of using the small amount of funds to which he has access to pay for postage and paper, he would be forced to constantly apply for legal loans if his own accessible funds are used to pay the balance of his filing fee. This would run the risk of involving the Court in resolving unproductive disputes between Plaintiff and the institution over whether he qualifies for such loans or what assistance he would nevertheless be entitled to even if he does not. *See, e.g., Ripp v. Nickel*, 838 F. Supp. 2d 861, 863–64 (W.D. Wis. 2012). Under these unusual circumstances, I conclude that Plaintiff's request should be granted.

**THEREFORE, IT IS ORDERED** that the plaintiff's motion to pay filing fee from release account (Docket 46) is **GRANTED**. The outstanding balance due and owing for his filing fee in Case Nos. 16-cv-521 is to be paid out of Plaintiff's release account.

Dated this   6th   day of December, 2016.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court